### BETHIAH THOMPSON

*v.*

### NATHAN H. THORP et al.

Under the charter of the city of Rahway, adopted in 1865, the lien of the city for ordinary municipal taxes and for assessments for street improvements, is prior to a *bona fide* mortgage on the premises made and registered before the levy or assessment.

---

Bill to foreclose. Question submitted on briefs. On stipulation of counsel as to facts.

*Messrs. Shafer & Durand,* for complainant.

*Mr. L. Lupton,* for city of Rahway.

THE CHANCELLOR.

By a stipulation made by the respective counsel of the complainant and the city of Rahway, it is agreed that the whole of the principal of the complainant's mortgage is due, with large arrears of interest; that the mortgaged premises are the same on which the taxes and the assessment for benefits for the widening of Main street in Rahway, also mentioned in the pleadings, were

Thompson v. Thorp.

assessed; that that assessment and the taxes were assessed after the complainant's mortgage was recorded; that the taxes were assessed against the mortgagor, as owner of the property; that the property is the same which was sold for non-payment of the taxes of 1876; that no notice was given to the complainant by the city of the non-payment of the taxes; that the assessments, as well that for widening as those for taxes, were duly and legally made, and that the sale of the property for taxes was also legally made, and that the assessment still remains unpaid.

The question presented for decision is, whether, under the charter of the city of Rahway, taxes (which were the usual ones for city, county and state purposes), and the assessment for widening Main street, all of which were assessed on the property subsequently to the date and recording of the complainant's mortgage, are liens prior to that of the mortgage. The mortgage was made and registered in May, 1870. The taxes in question were assessed for the years 1876 and 1877, and the assessment for widening, in September, 1870. By the charter, which was passed in 1865 (*P. L. of 1865 p. 499* § *57*), it is provided that all taxes and assessments which shall be assessed or made upon any lands or real estate in the city, shall be and remain a lien thereon until paid, for the amount of such taxes or assessments, with interest thereon at the rate of twelve per cent. per annum, and all costs and fees; and that such lien shall remain upon such lands and real estate, notwithstanding any devise, descent, alienation, mortgage or other encumbrance thereof, and notwithstanding any mistake in the name of the owner or owners, or omission to name the owner or owners of such lands and real estate; and that any assessment of taxes, in which such mistake or omission occurs, shall be valid and effectual in law, and if unpaid shall be returned in the list of delinquent taxes; and such lands and real estate shall be proceeded against, and sold in the manner provided by the act. By a supplement to the charter (*P. L. of 1874 p. 475*), it is provided that the lien of taxes shall begin from and after the day on which the taxes are declared to be due and payable, which is fixed by the charter as on the 15th of October. Though the taxes in question

were not assessed until after the registering of the mortgage, yet under the provision of the 57th section of the charter, the lien of the former, though subsequent in date, is paramount to that of the mortgage. *Trustees of Public Schools* v. *City of Trenton*, *3 Stew. Eq. 667, 674, 675.* In that case the charter declared that the tax should be a lien for two years from the date of the tax warrant, notwithstanding any devise, &c., and it also contained the provision that the certificate of sale should constitute a lien on the premises sold, after it should have been recorded. The same provision, that the certificate of sale shall constitute a lien on the premises sold, after it shall have been recorded, is found in the charter of Rahway, and it is, in the brief of the complainant's counsel in this case, stated to be the only provision making taxes a lien on real estate so as to affect the rights of prior mortgagees. But by the construction which, under the authority of the case just cited, is to be given to the 57th section, that is manifestly an error.

The charter, by the 83d section, makes the assessments for benefits in opening or widening streets &c., a lien on the land and real estate assessed, from the time when the improvements shall have been made. By the 86th section, it is declared that every such assessment shall be payable with interest thereon from the time when it is ratified by the common council until it is paid, and that the interest shall be deemed and held, to all intents and purposes, to be a part of the assessment, and, as such, a lien upon the lands and real estate in respect whereof the assessment is made. By the 89th section, it is provided that the common council may direct the city treasurer to collect the assessments by public sale at auction, of the lands and real estate whereon they have been imposed or are a lien. The 90th section requires the treasurer to make a transcript and give notice. The 91st section makes it his duty to sell and deliver a certificate of sale, and it adds that all further proceedings which are authorized by the act in respect to the sale and redemption of lands or real estate for the non-payment of taxes, may in like manner be had in cases of sales of lands or real estate for the non-payment of assessments, where such assessments are made a lien on lands and

Thompson *v.* Thorp.

real estate by the provisions of the act. The 65th section provides that no mortgagee whose mortgage shall have been duly recorded before sale for any tax or assessment, shall be divested of his rights in the property sold, unless six months' notice, in writing, of such sale, shall have been given to him by the purchaser, or by any person or persons claiming under him &c. The next, the 66th section, provides that the owner, mortgagee, occupant, or any person or persons having a legal or equitable interest in any lands and real estate sold for taxes or for any assessment under the provisions of the act, may redeem in two years from the sale, and if the person redeeming be a judgment creditor or mortgagee, he shall have a lien on the property for the amount paid by him, with interest at seven per cent. per annum, as if included in his judgment or mortgage, and may enforce payment thereof in the usual manner. By the 67th section, it is declared that if there be no redemption within the time limited, a declaration of sale shall be given, by virtue of which the purchaser or purchasers, and his and their legal representatives, shall lawfully hold and enjoy the lands and real estate sold, with the rents, issues and profits thereof, for his and their own proper use, against the owner or owners thereof, and all persons claiming under him or them, until the term for which the purchaser may have agreed to take the property shall be ended. It will have been seen that the provision of the 57th section of the charter, giving priority of lien, applies, by its express terms, to assessments for benefits, as well as to taxes. It is clear that that provision is, on the authority of the case before cited, conclusive on the question submitted, both as to the taxes and the assessments for widening. In *City of Paterson* v. *O'Neil,* *5 Stew. Eq. 386,* the provision for redemption by the mortgagee &c., was regarded as an important element in determining whether the charter of the city disclosed an intention on the part of the legislature to postpone the lien of a mortgage to the lien of taxes subsequently assessed. That charter contained no provision for priority, such as that contained in the 57th section of the charter under consideration; nor did it provide that notice to the mortgagee should be necessary before his title could be divested. But

the court considered the fact that there was a provision that the land should be assessed for its full and fair value, and that mortgages on the land should not be taxed in the hands of any person in this state, and a provision that the assessment should be valid notwithstanding any error or omission in naming the owner, and the provision for redemption, evincive of an intention on the part of the legislature to make the lien of the tax paramount to that of the mortgage. The intention of the legislature in the case in hand, to put municipal assessments for benefits on the same footing as to liens as taxes, is manifest, and the necessity of doing so as a matter of policy is obvious.

The city is entitled to priority for the taxes and assessment.